IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

SAMARIA WRIGHT,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　*Plaintiff*,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　)　　No. 20-cv-1496
　　　　　　　　　　　　　　　　　　　)
QUIRT FAMILY DENTISTRY, S.C.　　　　 )
d/b/a "Oak Leaf Family Dental," and　 )
KRISTIN M. LENZ GALBREATH,　　　　　 )
　　　　　　　　　　　　　　　　　　　)
　　　　*Defendant*.　　　　　　　　　)

## COMPLAINT

Plaintiff Samaria Wright ("Plaintiff"), by and through her undersigned counsel, hereby complains and alleges against Defendants, QUIRT FAMILY DENTISTRY, S.C. d/b/a "Oak Leaf Family Dental," and M. LENZ GALBREATH (collectively "Defendants"), as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 as an action arising under the laws of the United States of America.

2. Venue is proper as all events complained of herein took place in the Eastern District of Wisconsin.

## GENERAL ALLEGATIONS

1. Plaintiff is a natural person and resident of Milwaukee County, Wisconsin.

2. Plaintiff is, and identifies as, Black and/or African-American.

3. Defendant QUIRT FAMILY DENTISTRY, S.C. d/b/a "Oak Leaf Family Dental" ("Oak Leaf Dental") is a business corporation with its primary offices located in Oak Creek, Wisconsin, and its registered agent and corporate compliance offices located in Effingham, Illinois.

4. Defendant KRISTIN M. LENZ GALBREATH ("Galbreath") is a natural person and employee and/or owner of Oak Leaf Dental.

5. At all times herein relevant, Galbreath was and is a licensed dentist.

6. On or about February 6, 2020, Plaintiff visited Defendants to be fitted for new retainers.

7. During that visit, a receptionist told Plaintiff that she could come get her retainers on February 18 or 20, 2020.

8. On or about February 20, 2020, "Rachel" called from Defendants' office telling Plaintiff that the new retainers were ready.

9. As such, Plaintiff immediately drove to Defendants' office to pick up the retainers.

10. After she arrived, Plaintiff waited for almost an hour.

11. When she arrived, receptionists and/or employees of Defendants refused to give Plaintiff her retainers unless she paid for an additional appointment.

12. Galbreath then told Plaintiff that she would not give Plaintiff the retainers unless she paid for an appointment.

13. Galbreath told Plaintiff that this was because Plaintiff was "beneath" her.

14. Galbreath then gave Plaintiff another patient's used retainers.

15. Plaintiff took the used retainers and left the office.

16. After the Plaintiff left the office, she sat in her car for a few minutes in the parking lot of the office.

17. Plaintiff made phone calls from her car because she did not want to use her cell phone whilst driving.

18. In response, Galbreath then called the police.

19. Galbreath falsely told the police that Plaintiff was disturbing the peace and engaging in disorderly conduct.

20. Upon information and belief, Galbreath falsely told the police that Plaintiff was threatening her and the office staff.

21. In reality, Plaintiff was sitting in her car.

22. Defendant Galbreath called the police on Plaintiff out of racial animus because Plaintiff is Black.

23. Defendant Galbreath gave Plaintiff used and/or filthy retainers out of racial animus because Plaintiff is Black.

24. When the police did not arrest Plaintiff, Defendants banned Plaintiff from their practice.

25. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages, including the loss of her retainers, humiliation and emotional trauma as a result of the police call, and other damages.

26. Plaintiff paid $3,500 for the retainers.

## COUNT I – VIOLATIONS OF 42 U.S.C. 1981

27. Plaintiff restates and realleges paragraphs 1-26 of this Complaint as if fully set forth herein.

28. The people of the United States, by and through their popularly elected Congress, enacted a statute at 42 U.S.C. 1981. That statute was in force and effective at all times herein relevant.

29. Pursuant to Section 1981,

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like

punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

30. Defendants violated Section 1981 through one or more of the following acts and/or omissions:

    a. Giving Plaintiff filthy, dirty, and/or used retainers;

    b. Calling the police on Plaintiff when Plaintiff was not in the office;

    c. Falsely telling the police that Plaintiff was engaged in disorderly conduct when in reality she was sitting peacefully in her car;

    d. Banning Plaintiff from the practice;

    e. Telling Plaintiff that she was "beneath" Galbreath;

    f. Other unlawful acts and/or omissions as set forth herein.

31. Defendants' actions were motivated by animus against Plaintiff on account of Plaintiff's race.

32. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages, including the loss of her retainers, humiliation and emotional trauma as a result of the police call, and other damages.

33. Plaintiff has also suffered damages to her mouth as her teeth have shifted due to the lack of retainers.

WHEREFORE Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendants in an amount to be proven at trial but not less than $100,000, plus costs, attorney fees, and whatever additional relief this Court deems appropriate and just under the circumstances.

### COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff restates and realleges paragraphs 1-33 of this Complaint as if fully set forth herein.

35. Defendants' conduct as set forth herein was extreme, outrageous, and beyond all bounds of human decency.

36. Defendants called the police on Plaintiff, a Black woman, with full knowledge that their statements to the police that she was a threat were false and inflammatory.

37. Defendants called the police on Plaintiff, a Black woman, with full knowledge that their actions could lead to Plaintiff being physically and/or emotionally harmed.

38. Defendants gave Plaintiff used and/or dirty retainers with the intent that Plaintiff become ill as a result.

39. Defendants' conduct as set forth herein was extreme, outrageous, and beyond all bounds of human decency.

40. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages as set forth herein.

WHEREFORE Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendants in an amount to be proven at trial but not less than $100,000, plus costs, attorney fees, and whatever additional relief this Court deems appropriate and just under the circumstances.

> Respectfully submitted,
> SAMARIA WRIGHT
>
> _____
> By one or her attorneys,
> Sheryl Ring, Esq.

Sheryl Ring, Esq./Illinois ARDC #6311043
518 South Route 31, Suite 113
McHenry, Illinois 60050
(847) 975-2643
sheryl@sherylringlaw.com